**Name:** Derlyn D. Gross Pro Per

**Address:** 911 Parr Blvd. Reno, Nevada 89512-1000

**Prison Number:** 03-884

MAR 12

FILED 03 APR 21 PM 1:50
LANCE S. WILSON CLERK
BY __ DEPUTY

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

Derlyn D. Gross,
Plaintiff,

vs.

1. The State of Nevada
2. Brian Sandoval
3. Washoe County
4. Richard Gammick
5. McHassey Deputy D.A.
6. Judge Fidel Salcedo
7. Judge Jerome Polaha
8. Micheal Specchio
9. Steve Gregory
10. Jeremy Bosler
11. Tobin Fuss
12. City of Reno
13. City of Reno Police Dept.
14. Jerry Hoover Police
15. det. Soderblom
16. John Doe 1 thru 10
17. Washoe Legal Servs.
18. Dennis Balaam

Defendant(s).

CV-N-03-0157-DWH-RAM

**CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983**

— A JURY TRIAL DEMAND —
— injunctive relief —
— Declaratory relief —
— DAMAGES —

### A. JURISDICTION

1) This complaint alleges that the civil rights of Plaintiff, **Derlyn D. Gross**,
(print Plaintiff's name)

who presently resides at **911 Parr blvd. Reno, Nevada 89512**, were
(mailing address or place of confinement)

violated by the actions of the below named individuals which were directed against

Plaintiff at **Reno Nevada Washoe County, Nevada** on the following dates
(institution/city where violation occurred)

**3-15-02, 10-21-02**, **3-15-02, 10-21-02**, and **3-15-02, 10-21-02**.
(Count I)            (Count II)                (Count III)

§1983-Form
eff. 1/97

A

Make a copy of this page to provide the below
information if you are naming more that five (5) defendants
—See additional pages—(3)

2) Defendant **The State of Nevada** resides at **State of Nevada**,
(full name of first defendant) (address of first defendant)
and is employed as **State of Nevada**. This defendant is sued in his/her
(defendant's position and title, if any)
___ individual **X** official capacity. (Check one or both). Explain how this defendant was acting
under color of law: it is the policy and practice to arbitrarily and discriminatory
charge U.S. citizens with burglary i.e. unlawful entry into open to the public
retail stores in direct violations of 42 U.S.Code 2000a of the Civil right act of
1964 title II, the 1st and 14th amendments of the U.S. Constitution, resulting in
false arrest, false imprisonment and illegal prosecutions by enforcement of
unconstitutional laws.

3) Defendant **Brian Sandoval, AG** resides at **State of Nevada**,
(full name of first defendant) (address of first defendant)
and is employed as **attorney general**. This defendant is sued in his/her
(defendant's position and title, if any)
___ individual **X** official capacity. (Check one or both). Explain how this defendant was acting
under color of law: it is the policy and practice to arbitrarily and discriminatory
charge U.S. citizens with burglary i.e. unlawful entry into open to public re-
tail stores in direct violations of 42 U.S. Code 2000a of the Civil rights act of
1964 title II, the 1st and 14th amendments to the U.S. Constitution resulting
in false arrest, false imprisonment and illegal prosecutions by enforcing
a unconstitutional state statute.

4) Defendant **WASHOE COUNTY** resides at **Washoe County, Nevada**,
(full name of first defendant) (address of first defendant)
and is employed as **Washoe County**. This defendant is sued in his/her
(defendant's position and title, if any)
**X** individual **X** official capacity. (Check one or both). Explain how this defendant was acting
under color of law: it is the policy and practice to arbitrarily and discriminatory charge
U.S. citizens with burglary i.e. unlawful entry into open to public retail stores
in direct violations of 42 U.S.Code 2000a of the Civil right act of 1964 title II,
the 1st and 14th amendments to the U.S. Constitution, resulting in false arrest
false imprisonment and illegal prosecution by enforcing an unconstitutional state
statute.

5) Defendant **Richard Gammick** resides at **75 Court St. Reno, NV**,
(full name of first defendant) (address of first defendant)
and is employed as **Washoe County prosecutor**. This defendant is sued in his/her
(defendant's position and title, if any)
**X** individual **X** official capacity. (Check one or both). Explain how this defendant was acting
under color of law: it is the policy and practice to arbitrarily and discriminatory charge
U.S. citizens with burglary i.e. unlawful entry into open to public retail stores
in direct violations of 42 U.S. Code 2000a of the Civil rights act of 1964 title II, the
1st and 14th amendments to the U.S. Constitution, resulting in false arrest, false
imprisonment and illegal prosecutions by enforcing an unconstitutional result-
ing cruel and unusual punishment which is prohibited by section 203 of
the act.

§1983-Form
eff. 1/97

Make a copy of this page to provide the below
information if you are naming more that five (5) defendants

2) Defendant __McHassey__ resides at __75 Court St Reno NV__,
(full name of first defendant)   (address of first defendant)
and is employed as __deputy district attorney__. This defendant is sued in his/her
(defendant's position and title, if any)
__X__ individual __X__ official capacity. (Check one or both). Explain how this defendant was acting
under color of law: acted in concert with the other defendants as a part of an unlawful conspiracy to deprive equal civil rights under 42 U.S. Code 2000a to enter open to public retail stores resulting in direct violations of the 1st, 4th and 14th amendments to U.S. Constitution and injury to person and property depriving those rights also by illegal prosecution, Nevada laws

3) Defendant __Judge Fidel Salcedo__ resides at __1 Sierra Ct. Reno NV__,
(full name of first defendant)   (address of first defendant)
and is employed as __Judge__. This defendant is sued in his/her
(defendant's position and title, if any)
__X__ individual __X__ official capacity. (Check one or both). Explain how this defendant was acting
under color of law: acted in concert with the other defendants as a part of an unlawful conspiracy, knowingly to deprive equal civil rights under 42 U.S. Code 2000a to enter open to the public retail stores resulting in direct violations of the 1st, 4th and 14th amends. to U.S. Constitution and injury to person and property and the knowingly illegal prosecution, Nevada laws

4) Defendant __Judge Jerome Polaha__ resides at __75 Court St Reno NV__,
(full name of first defendant)   (address of first defendant)
and is employed as __Judge__. This defendant is sued in his/her
(defendant's position and title, if any)
__X__ individual __X__ official capacity. (Check one or both). Explain how this defendant was acting
under color of law: acted in concert with the other defendants as a part of an unlawful conspiracy to knowingly deprive equal civil rights under 42 U.S. Code 2000a to enter open to public retail stores, resulting in direct violations of 1st, 4th and 14th amendments of U.S. Constitution; injury to person and property and the knowingly illegal prosecution of Nevada laws

5) Defendant __Mike Specchio__ resides at __1 Sierra St Reno NV__,
(full name of first defendant)   (address of first defendant)
and is employed as __Chief deputy Public defender__. This defendant is sued in his/her
(defendant's position and title, if any)
__X__ individual __X__ official capacity. (Check one or both). Explain how this defendant was acting
under color of law: acted in concert with the other defendants as a part of an unlawful conspiracy to knowingly deprive equal civil rights under 42 U.S. Code 2000a to enter open to public retail stores resulting in direct violations of the 1st, 4th and 14th amends. to U.S. Constitution; and injury to persons and property and the knowingly illegal prosecution of Nevada laws

§1983-Form
eff. 1/97

2A

Make a copy of this page to provide the below
information if you are naming more that five (5) defendants

2) Defendant **Steve Gregory** resides at **1 Sierra St Reno NV**,
    (full name of first defendant)          (address of first defendant)
and is employed as **Deputy Public Defender**. This defendant is sued in his/her
    (defendant's position and title, if any)
**X** individual **X** official capacity. (Check one or both). Explain how this defendant was acting
under color of law: acted in concert with the other defendants as a part of an unlawful conspiracy to knowingly deprive equal civil rights under 42 U.S. Code 2000a to enter open to public retail stores, resulting in direct violations of 1st, 4th, 6th and 14th amends. to U.S. Constitution; injury to person and property and the knowingly illegal prosecution of Nevada laws as well.

3) Defendant **Jeremy Bosler** resides at **1 Sierra St Reno NV**,
    (full name of first defendant)          (address of first defendant)
and is employed as **Deputy Public Defender**. This defendant is sued in his/her
    (defendant's position and title, if any)
**X** individual **X** official capacity. (Check one or both). Explain how this defendant was acting
under color of law: acted in concert with other defendant as a part of an unlawful conspiracy to knowingly deprive equal civil rights under 42 U.S. Code 2000a to enter open to public retail stores, resulting in direct violations of 1st, 4th, 6th and 14th amendments to U.S. Constitution; injury to person and property and the knowingly illegal prosecution of Nevada laws as well.

4) Defendant **Tobin Fuss** resides at **1 Sierra St Reno, NV**,
    (full name of first defendant)          (address of first defendant)
and is employed as **Deputy Public Defender**. This defendant is sued in his/her
    (defendant's position and title, if any)
**X** individual **X** official capacity. (Check one or both). Explain how this defendant was acting
under color of law: acted in concert with other defendants as a part of an unlawful conspiracy to knowingly deprive equal civil rights under 42 U.S. Code 2000a to open to public retail stores resulting in direct violation of 1st, 4th, 6th and 14th amends. to U.S. Constitution; injury to person and property and the knowingly illegal prosecution of Nevada laws as well.

5) Defendant **City of Reno** resides at **City of Reno Washoe County**,
    (full name of first defendant)          (address of first defendant)
and is employed as **City of Reno, Nevada**. This defendant is sued in his/her
    (defendant's position and title, if any)
**X** individual **X** official capacity. (Check one or both). Explain how this defendant was acting
under color of law: it is the policy and practice to arbitrarily and discriminatorily charge U.S. citizens with burglary i.e. unlawful entry into open to public retail stores in direct violation of 42 U.S. Code 2000a of the Civil Rights Act of 1964 title II, the 1st and 14th amendments to the U.S. Constitution, resulting in false arrest, false imprisonment and illegal prosecutions by enforcing an unconstitutional state law and inflicting cruel and unusual punishment

§1983-Form
eff. 1/97

2B

Make a copy of this page to provide the below
information if you are naming more that five (5) defendants

2) Defendant __Reno Police Dept.__ resides at __City of Reno Washoe Co.__,
(full name of first defendant)        (address of first defendant)
and is employed as __City of Reno NV__. This defendant is sued in his/her
(defendant's position and title, if any)
__X__ individual __X__ official capacity. (Check one or both). Explain how this defendant was acting
under color of law: __it is a policy and practice to arbitrarily and discriminatorily charge U.S. citizens with burglary i.e. unlawful entry into open to public retail stores in direct violation of 42 U.S. Code 2000a of the civil rights act of 1964 title II, the 1st and 14th amends. to U.S. constitution resulting in false arrest, false imprisonment and illegal prosecutions by enforcing an unconstitutional state statute.__

3) Defendant __Jerry Hoover__ resides at __City of Reno NV__,
(full name of first defendant)       (address of first defendant)
and is employed as __Reno Chief of Police__. This defendant is sued in his/her
(defendant's position and title, if any)
__X__ individual __X__ official capacity. (Check one or both). Explain how this defendant was acting
under color of law: __it is the policy and practice to arbitrarily and discriminatorily charge U.S. citizens with burglary i.e. unlawful entry to open to public retail stores in direct violations of the 42 U.S. Code 2000a of the civil rights act of 1964 title II, the 1st, 4th and 14th amends. to the U.S. constitution resulting in false arrest, false imprisonment and illegal prosecutions by use of an unconstitutional law__

4) Defendant __Detective Soderblum__ resides at __City of Reno, NV__,
(full name of first defendant)       (address of first defendant)
and is employed as __Reno Police Detective__. This defendant is sued in his/her
(defendant's position and title, if any)
__X__ individual __X__ official capacity. (Check one or both). Explain how this defendant was acting
under color of law: __acted in concert with the other defendants as part as a unlawful conspiracy to knowingly deprive equal civil rights under 42 U.S. Code 2000a to enter open to the public retail stores resulting in direct violations of the 1st, 4th and 14th amends. of U.S. Constitution and injury to person and property depriving these rights also resulting in cruel and unusual punishment.__

5) Defendant __John Doe #1 thru 10__ resides at __City of Reno, NV__,
(full name of first defendant)       (address of first defendant)
and is employed as __Reno Police officers__. This defendant is sued in his/her
(defendant's position and title, if any)
__X__ individual __X__ official capacity. (Check one or both). Explain how this defendant was acting
under color of law: __acted in concert with the other defendants as a part of an unlawful conspiracy to knowingly deprive equal civil rights under 42 U.S. Code 2000a to enter open public retail store resulting in direct violations of the 1st, 4th and 14th amends. of the U.S. constitution and injury to person and property depriving those rights also, resulting in cruel and unusual punishment.__

§1983-Form
eff. 1/97

2 C

Defendant: Washoe_gal Services resides at 65 Tahoe St Reno NV employed as Washoe County egal services. sued in a official capacity under color of law; acted in concert with the other defendants. Runs Interference when r

6) Defendant **Dennis Balaam** resides at **City of Reno, NV**,
   (full name of first defendant)                (address of first defendant)

and is employed as **Washoe County Sherriffs**. This defendant is sued in his/her
   (defendant's position and title, if any)

X individual  X official capacity. (Check one or both). Explain how this defendant was acting under color of law: it is the policy and practice to arbitrarily and discriminatorily charge U.S. citizens with burglary i.e. unlawful entry into open to public retail stores in direct violations of 42 U.S. Code 2000a of the civil rights act of 1964 title II the 1st, 4th and 14th amends. U.S. constitution resulting in false arrest, false imprisonment and illegal prosecution by use of a unconstitutional state statute

7) Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional statutes, list them below.

42 US Code Section 1981; Section 1985(2)(3) & 1986. 42 US Code Sections 2000a, 2000a-1, 2000a-2(c), 2000a-3(a); (for person aggrieved)

---

## B. NATURE OF THE CASE

1) Briefly state the background of your case.

This is a civil action brought against the State of Nevada, that illegally and wrongfully charged and arrested plaintiff for 3 counts of burglary and 3 counts of robbery, willfully and unlawfully enter places open to the public with the intent to commit larceny. Plaintiff was illegally incarcerated and falsely imprisoned for over (7) seven months. The prosecutions are the product of arbitrary discriminatory enforcement of a burglary statute NRS 205.060(1) in direct violations of the civil rights act of 1964 title II 42 U.S. Code 2000a et. seq., which prohibits such prosecutions for exercising equal civil rights, 1st, 4th, 14th amends. to the U.S. constitution. This civil rights action is also brought against the defendants for acting in concert with each other as part as an unlawful conspiracy to knowingly violate and deprive said statutory

---

## C. CAUSE OF ACTION

§1983-Form
eff. 1/97

3

and constitutional rights. The 3 counts of burglary and 3 counts of robbery was pursued in "bad faith" without hope of obtaining a valid conviction, case being dismissed with prejudice. Prosecution objective being harrassment, badgering, intimidating plaintiff to "just plead guilty" to charges Plaintiff never committed or could be found guilty of. The contours of the right is sufficiently clear that the defendants herein, being reasonable officials would understand that what he was doing violates statutory and constitutional rights, the very action in question has previously been held unlawful, but it is to say that in the light of preexisting law the unlawfulness is clearly apparent. Plaintiff seeking Declaratory Judgement to the effect that Nevada Revised Statute 205.060(1) governing the crime of burglary in this instant case, a confession of intent to commit larceny in Adam vs State 94503(1978), was and is unconstitutional on it's face. Injunctive Relief is sought to permanently enjoin the local and state officials further enforcement of said unconstitutional burglary statute against U.S. citizens, all of which resulted in Plaintiffs' false arrest, false imprisonment, causing Plaintiff cruel and unusual punishment. The plaintiff suffering constitutional violations when arrested under the Nevada State burglary statute for simply entering retail stores open to public, place of public accommodations, during normal business hours, within the scope 42 U.S. code 2000a, 2000a-1, 2000a-2(c), the 1st, 4th, and 14th amendment to the U.S. constitution. See also Nevada Revised Statute 205.065 burglarious intent, the jury instructions.

(3A)

## COUNT I

The following civil right has been violated: **4th amendment rights: illegal detainment at the Washoe County Jail for over 7 months, charges Plaintiff could never be found guilty, False arrest, false imprisonment acting under the City of Reno**

Supporting Facts: [Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

(1) On or around the 19th of March 2002 at 10:30 p.m. Plaintiff was stop and detained by Reno Police officers, John Doe's 1 thru 10 and investigated for a robbery that occurred at Pantry Mini Mart on March 15, 2002. Pictures was taken of the Plaintiff and phone calls were made to a robbery/homocide detective Soderblum. The investigation lasted longer than the 60 minutes allowed, Plaintiff eventually being released around 12:00 a.m.

(2) March 28, 2002 Plaintiff was arrested by Detective Soderblum at a friends house and taken to Reno Police Dept interrogation room and questioned about 2 burglaries and 2 robberies occurring on March 15, 2002 and March 23, 2002, complete with video and listening devices. Plaintiff had been arrested around 1:00pm, then once the investigation was over, Plaintiff was released into the custody of Cleveland and Cassell, Reno Police transportation officers, about 3:30 pm, never being charge, but under the deguise of a warrant for a jaywalking ticket, Plaintiff was escorted to Washoe County Detention Facility. On April 4, 2002 Plaintiff was arraigned, 2 counts of burglary and 2 counts of robbery, crimes that was alledged to had been committed on 3-23-02 at Pantry Mini Mart and 3-28-02 at Uptown Market. There was never any physical evidence obtained to show that there was ever a crime committed.

## COUNT II

The following civil right has been violated: The Due Process of Law; and effective assistance of counsel. Defendants punishing Plaintiff actions without probable cause in concert, resulting from arbitrary and discriminatory enforcement of the State Law

Supporting Facts: [Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

In order to sustain a conviction for burglary the State must show that the accused entered the store with the intent to commit grand or petit larceny NRS 205.060". There was no showing of an unlawful entry. NRS 205.065 provides for an inference of burglarious intent, if the states evidence can establish that there was an unlawful breaking and entering or unlawful entry, which it could not establish or obtain a valid conviction. No property ever discovered to retain possession of for a robbery charge, only suspicious hearsay testimony. Plaintiff contacted Steve Gregory in order to take back plea agreement, and requesting the right to a preliminary hearing. On April 5, 2002 Plaintiff recieved a visit from Steve Gregory stating "It's to late You can't take back your plea". Plaintiff appeared in 2nd Judicial District Court Judge Polaha Dept. 3 on April 18, 2002 and refused to enter the plea agreement, time waived by Deputy Public Defender Jeremy Bosler, now representing defendant, i.e., video discovery. May 2, 2002 case was remanded back to Justice Court for a preliminary hearing by Judge Polaha, Jeremy Bosler stated that the video was irrelevant.

## cont. COUNT II

The following civil right has been violated: The Due Process of law: defendants punished the Plaintiff for exercising his right to enter open to public retail stores normal business hours under U.S. constitution; the Civil right act of 1964, 42 USCode :2000a fourteeth amendment violation

Supporting Facts: [Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

On April 4, 2002 Plaintiff was arraigned in Reno Justice court for 2 counts of burglary and 2 counts of robbery, willfully and unlawfully enter open to public stores,... Pantry Mini Mart, on the 23rd of March 2002 and Uptown Market, on the 28th of March 2002, ....with intent to commit larceny and did take property to wit: liquor in the presence of employee's and did use force of fear of future injury to retain possession of the property after it was unlawfully taken, as stated in the criminal complaint. Plaintiff was appointed the Public Defender as counsel to defend this matter. On April 4, 2002 Plaintiff recieved a visit from the appointed counsel Deputy Public Defender Steve Gregory, decieving Plaintiff that he can be found guilty and threatening habitual criminal act, having no discovery or Police reports convinces Plaintiff to waive preliminary hearing and sign a plea agreement for 1yr to 10 yrs prison, without explaining the valuable rights a preliminary hearing contains. Steve Gregory working as a early case resolution lawyer convinces Plaintiff to sign a plea agreement to crimes Plaintiff could never be found guilty of, according to NRS 205.060 and 200.300. Washoe legal service that addresses illegal incarceration complaints a Roger HARADA says " is the state can convince a jury that you had intent prior to entry you're guilty. Sound guilty when the state has been writing entry you're guilty. Sound guilty when the state has been writing Washoe legal service runs interference for the state claiming legal conduct for the state. Also, Mark Ashley is a agent, instead of giving sound legal advise

§1983-Form eff. 1/97

5 A

On May 30, 2002, Preliminary hearing in Reno Justice Court Dept.1 Judge Salcedo presiding, Deputy Public Defenders Steve Gregory and John Malone standing in for Jeremy Bosler. The Public Defender's keep trying to get the Plaintiff to just plead guilty when the NRS's states that you cannot be found guilty of burglary unless you entered unlawfully or that there was a trespassory entrance, Plaintiff files a motion to dismiss and reappoint counsel and a motion to dismiss the criminal complaint. All Plaintiff motions denied by Judge Salcedo. Time is waived because of congested court calendar. June 13, 2002 Preliminary hearing, Judge Salcedo presiding. Jeremy Bosler now advising Plaintiff to accept D.A. McHaffey offer of 1yr to 4yrs prison which Plaintiff refuses. No probable cause shown for charging burglary or robbery and because Plaintiff did not accept the plea, D.A. McHaffey amended the complaint to 3 counts burglary and 3 counts robbery. Jeremy Bosler still stating "If the State can convince a jury that you had intent to steal before entering stores open to the public you will be found guilty. Plaintiff had been investigated for the amended burglary and robbery committed on March 15, 2002 but was never charged, investigation last longer than 60 min. on March 19, 2002 and March 28, 2002. Plaintiff ask Judge Salcedo to dismiss the Public Defender from defending this matter which was denied, Plaintiff then was forced to represent himself, but during the canvass Plaintiff asked for effective assistance of counsel, Salcedo, then stop the canvass gave me back the Public Defender Jeremy Bosler-There was no lest of witnesses identification, Plaintiff identity corroborated only by the Police and the 4 witnesses, All that was alledged in this preliminary hearing, was that a customer browsing around, suspious testimony that something was taken or shoplifted by the custom and that the customer escaped before being apprehended. Clearly no evidence of a unlawful entry to charge

burglary and force or fear used as a means of escape does not constitute robbery. No property ever being discovered, or did this customer cause any injury to store employee's. Judge Salcedo bound the Plaintiff over to the 2nd Judicial District Court Washoe County State of Nevada 3 counts of burglary and 2 counts of robbery to answer to these charges. On June 27, 2002 Plaintiff appears in 2ND Judicial District Court Dept. 3 Judge Polaha, for arraignment, with deputy Public Defender Jeremy Bosler being defense counsel. Jeremy Bosler decieving and threatening habitual criminal act on record in open court continues to ignore Plaintiff's motion and pleading, filed with the Clerk of Washoe County, refuses to sign on to these so called "Fugitive motions", Nevada laws that should have the case dismissed. Jeremy Bosler continues to advise Plaintiff to "just plead guilty" or face the "Bitch". Judge Polaha states "You can be charged with burglary if you "shoplifter has no money in his pocket, and "shoplifter" with money in pocket. Take advantage of the negoiations, else you'll spend the rest of your lives trying to get back on appeal". I ask Judge Polaha to waive time for 2 weeks so Jeremy Bosler could make an intial interview with Plaintiff at the Jail, to discuss the matter for the first time so plaintiff could show factual laws of innocense, thus granted. Trial date was'nt set at that time. The State continually use a confession of intent in Adam v State 94 Nev 503 (1978) as a binding authority to charge citizens with burglary, for lawfully entering with intent, even though Adam v States 94 Nev 503 (1978) Formulation of criminal intent after one lawfully enters dr not satisfy the Statute. Childs v State thoughts alone do not constitute a crime. The mere act of lawfully entering cannot be elevated to an unlawful entry or an overt act evidencing intent to commit burglary. The act or conduct in question consisted with a shoplifter and to elevate these crimes to the more serious charges is illegal.

## COUNT III

The following civil right has been violated: Equal Protection: defendants acting under the State of Nevada, Washoe County, City of Reno conspiring to violate equal civil rights 42 U.S. Code Section 1985(3); 1st amends, malicious Prosecution, Manifest violation of the 13th admends.

Supporting Facts: [Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

On July 11 2002 Plaintiff on the court calendar Dept. 3 Judge Polaha presiding. Plaintiff admits the ongoing conflict with Jeremy Bosler and the Public Defender Office still exists, motions the court to again remove their deputies from defending this matter, Jeremy Bosler still advising Plaintiff to "just plead guilty" or face habitual criminal act upon visting Plaintiff at the Jail and refused to acknowledge Nevada laws as well as civil or constitutional laws that will have this case dismissed, Jeremy Bosler could no longer represent Plaintiff because the Public Defender has worked in concert as co-conspiractors with the Prosecution of Washoe county for years to illegally charge and convict citizens with burglary, willfully and unlawfully enter "open to public" retail stores, a lawful entry or consennual entry without larcenous intent. Polaha refused to appoint effective counsel, plaintiff being forced to represent self. Is the canvass proceeded, Polaha interrupts and appoints conflict attorney dismissing the Public Defender. Judge Polaha does not set a trial date at that times but waives time 2wks for conflict attorney to appear Jack Alian.

---

## D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

On July 25, 2002 Plaintiff on the court calendar to be appointed conflict attorney. Also Appearing Chief Deputy Micheal Specchio Public Defender stating "there's no conflict, that Plaintiff have a personality problem with all deputies of the firm and will not be happy with any one of them". When the facts are clear that they cannot represent Plaintiff and continues to be ineffective working in concert with the state to wrongfully charged and convict citizens for burglary, thus hiding the true facts of Nevada Revise Statutes. As a favor to Micheal Specchio, Judge Polaha recinds the conflict and reappoints Public Defender when the conflict still exist, and violates Nevada Supreme Court Rules of Professional Conduct General Rule 1.60(2) Imputed disqualification where lawyers from the same firm cannot continue to defend a matter where one of the same firm had previously been disqualified. Judge Polaha "conduct violates clearly established statutory and constitutional rights of which reasonable person would have known". On Aug 6, 2002 Plaintiff on the court calendar Dept. 2 Judge Polaha to be appointed another Public Defender, Tobin Fuss. Chief Deputy Micheal Specchio also appearing. Plaintiff immediately reads General Rule 1.60(2) Imputed disqualification explaining to Judge Polaha that the Public Defender cannot represent the Plaintiff any further, cause of Steve Gregory and Jeremy Bosler's misrepresentation the conflict will not go away. Judge Polaha again denys the motion, Plaintiff is then force to represent self. Just getting into the canvass, Judge Polaha reappoints the Public Defender, Tobin Fuss, who immediately violates Plaintiff speedy trial rights, without any discussion with Plaintiff, in open court on record, setting a trial date for November 18, 2002, which is allowed by Judge Polaha, who tells Plaintiff he will not be heard any more, with several Washoe County Sheriff's deputies, surrounding Plaintiff, within the court room. Plaintiff wrote a letter to Judge Polaha on or around

July 30, 2002 explaining the Federal Crime where two(2) or more conspiring under color of law can be arrested and charged for illegal prosecution of citizens. Having no assistance from Tobin Tuss or the Public Defenders office Plaintiff started filing Motion to Dismiss with the Clerk of Washoe County, Notice to Removal to U.S. District Court Northern District of Nevada, and Writ of Prohibition to the Supreme Court of Nevada, 2ND Judicial District Court of Washoe County, Lack of jurisdiction to hear misdemeanor cases, all cases on file at the respective courts. Motion to Dismiss not being heard or considered; Notice of Removal denied, without even a hearing, was put to Appeal to the 9th Circuit Court of Appeals, who refused to let Plaintiff file In forma pauperis, hereby dismissing the case. The Supreme Court of Nevada could not rule, case has yet not been tried, "disposition". The State of Nevada attorney general Brian Sandoval, Washoe County prosecutor Richard Gammick continues to let unknowledged citizens be illegally prosecuted, knowingly knowingly allowing this unstatutory crime to wrongfully charge citizens of the State with burglary, for simply entering places open to the public. The Plaintiff is a victim of arbitrary and discriminatory enforcement of the Nevada Revised Statute 205.060(1) which governs the crime of burglary, and is unconstitutional on it's face; the said statute which provides in relevant part: "a person who by day or night enters any shop....store .... with the intent to commit larceny.... is guilty of burglary" is overbroad and lacks an unlawful entry or trespassory entry element, thus imposes criminal sanctions what is otherwise non criminal activity, under state and federal and federal constitutions. The alledged acts or conduct in question consisted with a shoplifter, no force of fear or violence used in the taking. No evidence of any stolen property discovered, no necessary connection between the person's unlawful taking and use of force, person theft or attempted theft could not be elevated to **robbery**

Tobin Fuss deputy of the Public Defender continuously advises Plaintiff to "just plead guilty" to the District Attorney offer (12) twelve to (30) thirty months prison. Tobin Fuss states: "If the District Attorney can prove to a jury that Plaintiffs had intent to steal upon any entry, Plaintiff will be found guilty of burglary. On September 10, 2002 Tobin Fuss filed a writ of habeas corpus on Plaintiff behalf, binding factual laws of Nevada concerning the burglary statute, even NRS 205.065 burglarious intent jury instructions for burglary, also laws clearly showing there was no robbery. On October 18, 2002 Plaintiff on the court calendar 2ND Judicial District Court Dept. 3 Judge Polaha, a writ hearing with District Attorney McHaffey's opposition. After Tobin Fuss presented meritious case laws on what a burglary and robbery is, McHaffey's frivilous opposition won out, Judge Polaha denied the Writ, "conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." Without competent evidence and without statutory application, the defendant's named herein, are misusing the State burglary statute to punish Plaintiff for lawfully entering open to public stores without proof of burglarious intent, under NRS 205.065, Immediately after the Writ hearing, Plaintiff approached by Tobin Fuss with a new District Attorney McHaffey offer, 3 petit larcenys, to be agreed upon in Justice Court. Case CR020810 never was remanded, Plaintiff returned back to Justice Court for the 2ND time, to be arraigned on brand new charges with a new Case Number RCR2002 5566. On October 21, 2002 Plaintiff plead to these charges 3 petit larcenys, after being illegally prosecuted for 3 count burglary and 2 counts of robbery for 7 months, Plaintiff do not trust the defendant's and Plaintiff could not recieved the proper counsel, through fear of the habitual criminal act, and afraid of not recieving

a fair trial, Judge Polaha conduct clearly violates established statutory and/or constitutional rights, instead of dismissing the charges and granting the writ, Polaha actually forced Plaintiff to accept a plea to brand new charges, a violation of due process rights. The State of Nevada, attorney general, Washoe County, City of Reno, have made criminal those activities 42 U.S. Code 2000a, 2000a-1 confer as rights, thus substituting lawful conduct for a crime, conditioning other rights and priviledges upon sacrifice of conscience which restricts Plaintiff's said freedom by unlawful application, offensive to the 1st/4th amendments of the U.S. constitution which prohibits the State, County, city and it's agents from making or enforcing any law which abridges the priviledges or immunities of citizens of the United States. The Reno Chief of Police, Jerry Hoover continue to let his officers charged citizens burglary and other crimes not pretaining to the conduct. The information in the criminal complaint is clearly falsified, Plaintiff never entered any place unlawfully, for an burglary indictment, no force of violence or fear of immediate future injury, caused to anyone by the Plaintiff to charge robbery. Plaintiff was the victim of slavery and involuntary servitude being imprisoned from March 28, 2002 until October 21, 2002, confined and deprived of his liberty and prosecuted without probable cause or due process and was held illegally at the Washoe County Jail by Sherriff Dennis Balaam, against his will by virtue of false criminal information accusing him of burglarizing "open to the public" retail establishments, within the scope of 42 U.S. Code 2000a, 2000a-1, 2000a-2, the 1st, 4th, 5th, 6th, 14th amendments to the U.S. constitution. In sum, the above defendants in joint participation did willfully, unlawfully and knowingly engaged in acts and practices prohibited by 42 U.S. Code 2000a-2(c), in that they did cause the false arrest, false imprisonment and illegal prosecution of the Plaintiff, for exercising his right to enter open to the public facilities

1) Have you filed other actions in state or federal courts involving the **same or similar facts** as involved in this action? **X** Yes ___ No. If your answer is "Yes", describe each lawsuit. (If more than one, describe the others on an additional page following the below outline).

   a) Defendants: _Washoe County Public Defender's_
   b) Name of court and docket number: _Northern Nevada_
   c) Disposition (for example, was the case dismissed, appealed or is it still pending?): _Plaintiff dismiss complaint December 2002_
   d) Issues raised: _effective assistance of counsel conspiring with the prosecution_
   e) Approximate date it was filed: _Sept. 2002_
   f) Approximate date of disposition: _N/A_

2) Have you filed an action in federal court that was **dismissed because it was determined to be frivolous, malicious, or failed to state a claim upon which relief could be granted?** ___ Yes **X** No. If your answer is "Yes", describe each lawsuit. (If you have had more than three actions dismissed based on the above reasons, describe the others on an additional page following the below outline).

   Lawsuit #1 dismissed as frivolous, malicious, or failed to state a claim:

   a) Defendants: _____
   b) Name of court and case number: _____
   c) The case was dismissed because it was found to be (check one): ___ frivolous ___ malicious or ___ failed to state a claim upon which relief could be granted.
   d) Issues raised: _____
   e) Approximate date it was filed: _____
   f) Approximate date of disposition: _N/A_

   Lawsuit #2 dismissed as frivolous, malicious, or failed to state a claim:

a) Defendants: ;(;
b) Name of court and case number: _____
c) The case was dismissed because it was found to be (check one): ___ frivolous ___ malicious or ___ failed to state a claim upon which relief could be granted.
d) Issues raised: _____
e) Approximate date it was filed: _____
f) Approximate date of disposition: **NA**

Lawsuit #3 dismissed as frivolous, malicious, or failed to state a claim:

a) Defendants: ;(;
b) Name of court and case number: _____
c) The case was dismissed because it was found to be (check one): ___ frivolous ___ malicious or ___ failed to state a claim upon which relief could be granted.
d) Issues raised: _____
e) Approximate date it was filed: _____
f) Approximate date of disposition: **NA**

3) Have you attempted to resolve the dispute stated in this action by seeking relief from the proper administrative officials, e.g., have you exhausted available administrative grievance procedures? **X** Yes ___ No. If your answer is "No", did you not attempt administrative relief because the dispute involved the validity of a: (1) ___ disciplinary hearing; (2) **X** state or federal court decision; (3) **X** state or federal law or regulation; (4) ___ parole board decision; or (5) ___ other _____.

If your answer is "Yes", provide the following information. Grievance Number _____.
Date and institution where grievance was filed **Aug 2002 Writ Prohibition**.
Response to grievance: **Supreme Court state of Nevada Could not rule; Removal Northern District Court, Denied without a hearing Sept 2002; Case ON Appeal to the Supreme Court Nevada December 2002**

§1983-Form
eff. 1/97

8

### E. Request for Relief

1) Declaratory Judgement: declaring as a matter of law that the Nevada Revised Statute 205.060(1) is unconstitutional on it's face in violation 1st amendment free exercise clause, the 14th amendment due and equal protection clauses 2) Declaratory Relief: that the defendants actions violated the Plaintiff 1st, 4th and 14th amendment rights to freedom of thought, due process and to be free from arbitrary and discriminatory enforcement of penalty statutes and rights under 42 U.S. Code 2000a to be free from unlawful entry allegations.

### E. REQUEST FOR RELIEF

I believe that I am entitled to the following relief:

Declaratory Relief Continued: that the 3 counts burglary, 3 counts robbery was pursued in "bad faith" without hope of obtaining a valid conviction, objective being to harrass, badger and intimidate plaintiff to "just plead guilty" that these charges was in direct violations of plaintiff equal civil right causing irreparable injury to the Plaintiff as a U.S. citizen. 3) Compensatory damages: 1.5 million dollars for the illegal prosecution of Plaintiff, from the individuals herein named Judge,

I understand that a false statement or answer to any question in this complaint will subject me to penalties of perjury. **I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.** See 28 U.S.C. § 1746 and 18 U.S.C. § 1621.

_____
(Name of person who prepared or helped prepare this complaint if not Plaintiff)

_____
(Signature of Plaintiff)

03-11-03
(Date)

### E. Request for Relief

(Additional space if needed; identify what is being continued)

cont. Compensatory damages; District Attorney, Deputy, Public Defender, Reno Police officers, Washoe County prosecution authorities relating to acts and practices prohibited by 42 US Code 2000a-2(c) and preventive relief is available for "a person aggrieved". 4) Plaintiff seek the specific damages 1.5 million dollars for mental anguish, deprivation of family, friends, work, play, loss of income 7 mos., unlawful unjustified incarceration, pain and suffering all requested from the City of Reno and Washoe County for immediate and future relief

§1983-Form
eff. 1/97

9